Judge 1 rimble,
delivered the following opinion of the courtUpon an attentive examination of the record jn ⅛⅛ case we are of opinion, that the decree of the circuit court is proper, and founded upon correct princi-pies.
The rule in chancery iá too well settled to be doubted, that the positive denial of the answer, so tar as it is responsive to the allegations of the bill, cannot be over-turned by less than two positive witnesses, or one post-tive witness, and strong circumstances, disproving thfc answer.†
Haggin, in his answer, positively denies liaving sold to Jacob Bright, 500 acres of land, in 1783, as described in the bill: he positively denies that the 25/. bond was given in consideration of any contract for lánd, at that time entered into ; but alleges it was given in consequence of his having given up to Bright, a previous contract he had upon him, for the price of the improvements sold in 1776. Had the answer of Haggin gone no farther, there could have been no difficulty in the cáse : for Hugh Shannon is the only witness who proves ⅛ *537 'contract for 500 acres of land ; or who contradicts the positive denials of the defendant, before noticed.
ftouid. not be si|pbled.
The depositions of Goode and Taylor, relied on by the appellant, to support Shannon’s statement, are not entitled to any weight. They speak not of any direct acknowledgment made by Haggin, nor do they give his expressions ; but only Say what they understood from his conversation at Milner’s, on the day Shannon’s depo: sition was taken. From the circumstances attending the case, and the other evidence of what passed at that time and place, it is impossible to believe their impressions (and they give but impressions) were correct. . Haggin had previously, in his answer, positively denied whát they attempt to prove he confessed on that day. It is proved by three or four witnesses, that on that day, in. presence of all the parties, he persisted in denying, repeatedly, that he had made any such contract as was stated by Shannon, in his deposition ; that he, on that day, before - he left the company, gave notice to Milner, Bright’s agent, that he would take depositions on Licking, at a time stated ; and declared he would shew, by those depositions, that Shannon was incorrect; and that he had sold no such land, as Shannon had sworn to. The ocher persons present, swear that he repeatedly declared he had not sold 500 acres of land ; but had only contracted to sell 150 acres, upon certain conditions, which he insisted were not complied with.
. This is certainly proving a negative, ás far as it is possible ; and indeed, amounts to proof of circumstance^ wholly inconsistent With the statements made by Taylor and Goode, who speak only of ah understanding, and not of express declarations.
It is incredible, that a prudent, cautious, circumspect man ; such as Haggiii is proved to be; should have blown hot and cold with the same breath : or should have confessed, ridt only what he, on that day, in the same company, so repeatedly deriied ; but had also previously positively denied, upon oath, ip his answer.
Shannon’s deposition, then, must be considered as standing alone, opposed to the answer.
The circumstances, and other proofs in the cause, so far from corroborating it, go strongly to shew that the deposition is incorret; and in support of the answer. Oiié witness sweárs, that in ÍÜ84, he travelled the wil *538 derness road with George Bright, who then informed him that he had cancelled his contract, made in 1776, with Haggin ; and had, in consequence thereof, given Haggin his bond for snehalf of the sum. This goes in support of Haggin’s statement, as to the consideration ior which the bond for 2Si. was given.
_ , „ —Gilb, Law of Iv,46.
We are, therefore, of opinion, that the bill of the complainant, which charges a contract for 500 acres of land at the mouth of Indian creek, is not supported ; and that the complainant was clearly not entitled to a decree for the said 500 acres of land.
But it is contended, that at all events the complainant ought to have had a decree for the 150 acres mentioned in the answer of Haggin.
The first objection that presents itself, is a very obvious one ; that this 150 acres, is an entirely different tract, in quantity and situation; and depending upon a totally different contract, from that charged in the bill, and sued for by the complainant.
It has been insisted, however, that Haggin having confessed, in his answer, the contract for a conditional sale of the 150 acres ; that whether it be the same Contract, or not ; or the same tract of land, or not, with that claimed in the bill, a court of chancery ought to decree it.
That might be proper, if it appeared that the conditions of the sale had been complied with. But the rule, that the defendant is bound to prove the matter set up in his answer by way of avoidance, is relied on by the appellant, to prove that so much of Haggin’s answer as admits the iale of 150 acres, should be taken against him ; but that so much of the answer as sets forth the terms and conditions of that sale, should be rejected, unless supported by proof.
The rule is admitted, as a general one ; but the appli-catl°n out to this case, is denied. Haggin, m his answer, does not confess and avoid. But he wholly and positively denies the material allegations of the bill, and the contractset up by the complainant. He then states that he made another conditional contract with Bri ght, and sets forth the conditions, and denies that they were complied with ; and then he avers that he made no other contract, in any other manner than as before admitted.
This is no confession and avoidance ; nor is any part of the statement responsive to the bill j and indeed, is *539 wholly irrelevant to the subject in contest. It is brought in purely and voluntarily by the defendant himself; and if the court could, under any circumstances, decree upon it, without an offer on the part of Haggin to convey, it would be surely improper to garble his statement; taking,so much thereof as makes against him, and rejecting the residue ; especially, as no part of it is disproved (a).
But that the contract for the 150 acres was conditional only, and liable to forfeiture, as stated by Haggin, is substantially proved by Jourdan, who is not impeached or contradicted by any other witness.
The conditions of the contract, about the 150 acres of land, are not proven to have been complied with by George Bright j it could not be expected to be proved, when the complainant has not sued on that contract at all; and unless the stipulations of that contract were fulfilled, on no principle can the complainant be entitled tp a decree for the 150 acres.--Decree affirmed.

 3 Ch. Ca. 123 — 1 Vent. 212 — 1 Har. Ch. Pric. 305.

 Robinfon vs. Gordon's heirs.